UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| HUA LIN, HENG CHEN, FEI HU, WEI LIN, ZHEN ZHU, and JIU TAO WANG,<br><br>        Plaintiffs,<br>  v.<br><br>W & D ASSOCIATES LLC d/b/a KUDETA, CHRISTINA TAN, DOUG MCSHANE, ALBERT WONG, ELAINE PI YUN CHAO, and EMILY PI SHIA CHAO<br><br>        Defendants.<br>  v.<br><br>HERRY DERBI,<br><br>        Third Party Defendant | 3:14-CV-00164 (CSH)<br><br><br><br>October 27, 2014 |

**HAIGHT**, Senior District Judge:

      Plaintiffs Hua Lin, Heng Chen, Fei Hu, Wei Lin, Zhen Zhu, and Jiu Tao Wang, are former employees of Kudeta Restaurant in New Haven. They charge Defendants W & D Associates LLC d/ba/ Kudeta ("Kudeta") and Christina Tan, Doug Mcshane, Albert Wong, Elaine Pi Yun Chao, and Emily Pi Shia Chao (all of whom are described in the Complaint as owners and managers of Kudeta) with, *inter alia*, violations of certain overtime or wage payment provisions of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 201, et seq., and the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat 31-68(a), 31-72. Defendants deny all liability, and seek indemnification and contribution from another Kudeta owner and manager, Herry Derbi (the Third Party Defendant). Doc. [18] at 5-6.

      Pending before the Court is the motion of Elaine Chao ("Chao") for a protective order requesting that she be subjected to only *one* deposition in these proceedings. Doc. [31]. Derbi and

Plaintiffs, who both wish to depose Chao, have set forth their respective positions on that motion in responsive filings, discussed *infra*.[1] Doc. [32] and [34]. Although procedurally before the Court as Chao's motion for a protective order subjecting her to no more than one deposition, that motion and the responses filed thereto, raise a concomitant concern: where and when Chao's deposition is to be held. This disposition resolves that question along with Chao's motion for a protective order.

The Court's recitation of the following facts is based on representations the parties have made in their briefings on the pending motion. *See* Docs. [31], [32] and [34]. In the summer of 2014, Derbi gave notice to the parties, pursuant to Rule 30(b), Federal Rules of Civil Procedure, of his intention to depose Chao. He designated October 30, 2014, as the date on which the deposition was to be held. Doc. [32] at 1. After Debri had "noticed" the deposition as required under Rule 30(b), Plaintiffs communicated to Chao that they also wished to take her deposition. Doc. [31] at 1; Doc. [32] at 1. They proposed November 3, 2014, for that purpose.

Chao contends that there is no compelling need for her to attend two depositions. She filed the instant motion seeking an order that both Derbi and Plaintiffs take her deposition on the same day. Doc. [31]. Derbi has no objection to that arrangement, but maintains that the deposition should be held on October 30, 2014, in accordance with the notice he provided to the parties months ago. Plaintiffs insist that a second deposition is required, and that it should be held on November 3, 2014. They explain:

> [A] second deposition is . . . required because there are sufficient differences in the subject matter of Ms. Chao's depositions for the

---

[1]Chao's Reply Briefs to Derbi's Response (Doc. #32) and Defendants' Response (Doc. #34) to her Motion for Protective Order (Doc. #31) are due on October 29, 2014, and October 30, 2014, respectively. The Court renders this disposition prior to those dates based on the critical scheduling concerns raised in the filings at bar.

> purposes of [Derbi], and for the purposes of [P]laintiff[s]. That is to say, while there is similarity in the underlying subject matter of this case, Plaintiff[s] needs to depose Ms. Chao for the purpose of determining her involvement with the Defendant restaurant for liability purposes under the FLSA and relevant state law claims, whereas [Derbi] is primarily seeking to depose Ms. Chao for the purpose of absolving [himself] from liability. We believe that holding these two depositions together is likely to be confusing and distracting to the creation of a usable, "clean" court record.

Doc. [34] at 3. Plaintiffs go on to indicate that Chao's deposition would, in any event, be a two day event such that the second deposition they propose is required. *Id.*

Rule 26(c)(1) provides that "[a] party or any person from whom discovery is sought may more for a protective order in the court where the action is pending . . ." That Rule requires (in addition to a showing of "good cause") that "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Chao's motion includes no such certification. Nor does one glean from the papers that the Parties made a good faith attempt to resolve this dispute before calling upon the Court to render a disposition. Accordingly, Chao's motion for a protective order subjecting her to only one deposition will be denied.

The Court turns to the remaining consideration: where and when Chao's deposition is to be held. Concerns of that nature fall within the sound discretion of the Court. *See Stagl v. Delta Airlines*, 52 F.3d 463, 474 (2d Cir. 1995). Pursuant to Rule 30(a)(1) "[a] party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Rule 30(a)(2) provides that leave of court is required to conduct a deposition when "the deponent has already been deposed in the case . . ." That exception to a party's right to depose a person is discussed *infra*. For now, it suffices to say that because Chao has not yet been deposed,

3

under Rule 30(a)(1) neither Plaintiffs nor Derbi require the Court's leave to take her deposition.

Although leave of Court is not required at this juncture to depose Chao, Rule 30(b)(1) prescribes that "[a] party who wants to depose a person . . . must give reasonable written notice to every other party." That Rule goes on to indicate that "[t]he notice must state the time and place of the deposition and, if known, the deponent's name and address." Derbi represents in his response to Chao's motion for a protective order, that in the summer of 2014 he "noticed [Chao's] deposition for the afternoon of October 30[,] [2014]." Doc. [32] at 1; *see also* Doc. [31]. The parties do not dispute that the notice provided by Derbi was in accord with all requirements set forth in Rule 30(b)(1).

Derbi suggests that the *subsequent* notice provided *by Plaintiffs* did not meet the Rule 30(b)(1) requirements. Says Derbi: "[P]laintiffs' counsel has *informally suggested* that he wants to depose [Chao] on a different date and slightly different location." Doc. [32] at 1 (emphasis added). A rebuttal to Derbi's implication that Plaintiffs tendered improper notice within the meaning of Rule 30(b)(1) is conspicuously absent from Plaintiffs' subsequent pleading. *See* Doc. [34]. In any event, irrespective of the manner in which Plaintiffs gave notice (which cannot be determined on this record), two facts concerning Derbi's proposal to take Chao's deposition on October 30, 2014, are apparent: (1) Chao does not oppose it, and (2) Derbi's notice to take that deposition was given *before* Plaintiffs proposed to depose Chao on a different day.

Based on these considerations, it is fair and equitable for both Derbi and Plaintiffs to depose Chao on October 30, 2014, at the time and place contemplated in Derbi's Rule 30(b)(1) notice. *See e.g.*, *Innomed Labs LLC v. Alza Corp.*, 211 F.R.D. 237, 239 (S.D.N.Y. 2002) (Court has discretion to make a determination that is fair and equitable under the circumstances). Should the start-time

on that day need to be modified to accommodate Plaintiffs' deposition questions, or, should the deposition run long and need to be continued to another day, the Parties are directed, and required under the Federal Rules of Civil Procedure, to work that arrangement out themselves before seeking the Court's intervention. *See* Fed. R. Civ. P. 26(c)(1).

The Court adds that it is unpersuaded by Plaintiffs' contention that "sufficient differences in the subject matter of Ms. Chao's depositions for the purposes of [Derbi], and for the purposes of [P]laintiff[s] preclude "the creation of a usable, 'clean' court record." Doc. [34] at 3. Although different motivations may direct Derbi and Plaintiffs to ask Chao different questions, the Court, if called upon, has the capacity to read the deposition transcript to determine whether Chao has answered a question posed by Derbi, or alternatively, has responded to a query tendered by Plaintiffs. In this manner, the Court may decipher those portions, if any, of Chao's testimony that support Plaintiff's claims under the FLSA and other law, as well as that testimony which favors Defendants' claims against Derbi related to indemnity and contribution. It may be useful toward that end, for Plaintiffs to ask all of their questions first, followed by questions posed by Debri (or vice versa) but the Parties are free to work out that arrangement on their own.

Finally, to the extent Plaintiffs' opposition to Chao's motion for a protective order may be construed as motion for leave to take a second deposition, that request will be denied, without prejudice, to Plaintiffs' right to renew that motion at a later date. Although Rule 30(a)(2) provides that the Court may grant a party leave to take a second deposition, that Rule also prescribes that the Court "must grant leave to the extent consistent with Rule 26(b)(2) . . . ." The principles guiding the Court's discretion are those set forth in Rule 26(b)(2), which include whether the second deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has

had other opportunities to obtain the same information, and whether the burden of a second depositions outweighs its potential benefits. *See Ganci v U.S. Limousine Services*, *Ltd*., No. 10cv3027 (JFB) (AKT), 2011 WL 4407461, *2 (E.D.N.Y. Sept. 21, 2011). Those factors can only be evaluated after the first deposition of Chao is held. Where, as here, Derbi and Plaintiffs shall depose Chao on the same day, and make arrangements to continue that deposition (if necessary), the Court does not anticipate a motion from Plaintiffs requesting leave to take a second deposition.

Based on the foregoing, the Court resolves the pending concerns as follows:

1. Chao's Motion for a Protective Order (Doc. #31) is denied.

2. Plaintiffs' Motion for Leave to take a Second Deposition (Doc. #34) is denied, without prejudice, to their right to renew that motion after Chao has been deposed.

3. Chao's deposition shall be conducted at the offices of Derbi's counsel on October 30, 2014, at the time prescribed in Derbi's Rule 30(b)(1) notice, or such other time agreed to by the Parties.

The Parties are reminded of their obligation to resolve discovery disputes in good faith before seeking the Court's intervention.

The foregoing is SO ORDERED.

Dated: New Haven, Connecticut
October 27, 2014

/s/ *Charles S. Haight, Jr.*
Charles S. Haight, Jr.
Senior United States District Judge