UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

HUA LIN, HENG CHEN,
FEI HU, WEI LIN, ZHEN ZU,
and JIU TAO WANG,
         Plaintiffs,

     v.                             CASE NO. 3:14-cv-164 (VAB)

W & D ASSOCIATES LLC
*doing business as* KUDETA,
CHRISTINA TAN, DOUG MCSHANE,
ALBERT WONG, ELAINE PI YUN
CHAO, and EMILY PI SHIA CHAO,
         Defendants, Third-Party Plaintiffs,

     v.

HERRY DARBI,
         Third-Party Defendant.

## RULING ON PLAINTIFFS' MOTION TO AMEND COMPLAINT

Plaintiffs are six former employees of Kudeta Restaurant, a Chinese food restaurant that was located in New Haven, Connecticut.  Compl. ¶¶6-18, ECF No. 2.  In February 2014, Plaintiffs sued W&D Associates, LLC ("W&D")[1] and five individuals (Christina Tan, Doug Mcshane, Albert Wong, Elaine Pi Yun Chao ("Elaine Chao"), and Emily Pi Shia Chao ("Emily Chao")), who allegedly collectively owned and managed the restaurant.  *Id.* ¶¶18-23.  Plaintiffs claim that all Defendants did not pay them wages or overtime and failed to post notices, in violation of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and Connecticut's wage and hour laws.  Compl. ¶¶ 54-72, ECF No. 2.  In addition, based on the same conduct, Plaintiffs

---

[1] Plaintiffs named as the Defendant "W&D Associates, LLC doing business as Kudeta."  Compl. at Caption, ECF No. 2.

asserted claims of breach of their employment contract, breach of the implied covenant of good faith and fair dealing, as well as unjust enrichment and quantum meruit. *Id.* ¶¶ 73-92.

Currently before the Court is Plaintiffs' Motion to Amend the Complaint, ECF No. 38, which seeks to add three additional individuals as Defendants. For the reasons that follow, the Court **GRANTS** the motion.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

In their initial Complaint, Plaintiffs identify W&D and the five named individuals as "owners and managers" of Kudeta Restaurant and "employers" of the Plaintiffs. Compl. ¶¶18-23, ECF No. 2. While employed by the Defendants, Plaintiffs allege that they endured a variety of difficult working conditions. For example, they claim that Defendants required them to work sixty-seven or ninety-three and a half hours per week without overtime pay and that they failed to post legally required notices. *Id.* ¶¶36-38, 40-42. In addition, Plaintiffs allege that Defendants failed to pay them for some of the work they did and solicited a personal loan from one of them. *Id.* ¶¶47-53. They also claim that Defendants failed to advise them in writing of their salary, hours, and payment schedules. *Id.* ¶43.

In answering the Complaint, on April 3, 2014, Defendants impleaded as a third-party Defendant, Herry Darbi, who they allege was a manager of the restaurant and a member of W&D. Defs.' Third-Party Compl. ¶¶2-3, ECF No. 18. They claim that he was responsible for the harms Plaintiffs allege to have suffered. *Id.* ¶4.

## II.    DISCUSSION

Plaintiffs' Motion to Amend the Complaint seeks to add claims against Herry Darbi, the third-party Defendant, as well as Terrence Kum and Tom Ho, who are not currently parties to the case. Pl.'s Mot. to Amend Compl. 1, ECF No. 38. Plaintiffs contend that these three individuals

were "owners and managers" of Kudeta Restaurant, members of W&D, and employers of the Plaintiffs.  *Id.*; Am. Compl. ¶¶24-26, ECF No. 38-1.

Because Plaintiffs filed this motion in December 2014, after the deadline to add parties and amend the Complaint had passed, they must demonstrate that good cause exists to amend the Scheduling Order, enabling the Court to consider adding these additional Defendants. Scheduling Order, ECF No. 37; 26(f) Report 5, ECF No. 24 (deadline for Plaintiffs to amend the Complaint and/or add parties was May 31, 2014); *see also Parker v. Columbia Pictures Indus.,* 204 F.3d 326, 340 (2d Cir. 2000) (finding that courts did not abuse their discretion "in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party [ ] failed to establish good cause").  For the reasons that follow, the Court finds that good cause exists to amend the schedule and that Plaintiffs should be permitted to add claims against Herry Darbi, Terrence Kum, and Tom Ho.

### A.  Good Cause

Rule 16(b) permits modification of a Scheduling Order "only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  "A finding of good cause depends on the diligence of the moving party," meaning that the moving party must show that the schedule cannot have reasonably been met despite that party's diligence.  *Grochowski v. Phoenix Constr.,* 318 F.3d 80, 86 (2d Cir. 2003) (citation omitted); *Parker*, 204 F.3d at 340 ("[I]n certain cases the court may determine that '[the deadline] cannot reasonably be met despite the diligence of the party seeking the extension.'  In such cases… the court may grant leave to amend the scheduling order to extend the deadline.") (citation omitted); *Julian v. Equifax Check Servs. Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998) ("'Good cause' means that the schedule cannot reasonably be met despite that party's diligence.") (citations omitted).  "A party fails to show good cause when the proposed

3

amendment rests on information 'that the party knew or should have known, in advance of the deadline.'" *Perfect Pearl Co. v. Majestic Pearl & Stone, Inc.*, 889 F. Supp. 2d 453, 457 (S.D.N.Y. 2012) (citations omitted); *see also United States v. Cohan,* No. 3:11-CV-412(CSH), 2012 WL 4758142, at *1 (D. Conn. Oct. 5, 2012) (citation omitted).

While diligence is the "primary consideration," the district court may also consider "other relevant factors including, in particular, whether allowing the amendment of the pleading at this stage of the litigation will prejudice the defendants." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007). In considering prejudice, the Second Circuit has looked at "whether the untimely filing would require the opposing party to make additional expenditures to conduct discovery and to prepare for trial. In the absence of resulting increased litigations costs to, or reduced likelihood of success by, the opposing party, prejudice has been deemed 'minimal.'" *Cohan*, 2012 WL 4758142, at *1 (quoting *Brown v. Gen. Nutrition Cos., Inc.,* 356 F. App'x 482, 487 (2d Cir. 2009)). However, the absence of prejudice is not alone a sufficient reason to find that good cause exists. *Chrebet v. Cnty. of Nassau,* No. 09 CV 4249 (DRH) (AKT), 2014 WL 1836835, at *21 (E.D.N.Y. May 8, 2014) (citations omitted).

Plaintiffs aver that they were not aware of the existence of the proposed additional Defendants and their relationship to W&D until the deposition of Elaine Chao on October 28, 2014. Pl.'s Br. 6, ECF No. 38-2. Defendants only contest this assertion with respect to Mr. Darbi, who was impled as a third-party Defendant months before Plaintiffs filed their motion. Opp. Br. 1-2, ECF No. 39; *see also* Third-Party Compl., ECF No. 18. As mentioned above, in the third-party Complaint filed in April 2014, Defendants pled that Mr. Darbi was a member of W&D and a manager of Kudeta Restaurant. Third-Party Compl. ¶¶ 2-3, ECF No. 18.[2] They also

---

[2] Because, Mr. Darbi has already been impled by the Defendants, Rule 14(a)(3) give Plaintiffs the right to assert claims against him directly, if those claims arose "out of the same transaction or occurrence" that is

4

contend that Mr. Darbi's role in W&D was made clear during depositions he began conducting in May 2014.  Opp. Br. 2, ECF No. 39.

The  Court finds that good cause does exist here.  Plaintiffs represent to the Court that they acted with diligence and that they did not know of Mr. Darbi's role in this case until the end of October 2014, only a few weeks before they filed their motion.  Defendants fail to attach to their opposition any proof from the depositions Mr. Darbi conducted that they made his role clear at an earlier time.  The assertion in their Third-Party Complaint that he was a member of W&D is just an allegation; it is not something that Plaintiffs need take as evidence.  *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986) (noting that a party opposing a properly supported summary judgment motion "'may not rest upon mere allegations or denials of his pleading'" but rather must rely on evidence in the record) (citation omitted).  Counsel may be sanctioned for allegations in a complaint that they cannot have reasonably believed were "well grounded in fact."  *See e.g., Abdelhamid v. Altrai Grp., Inc.* 515 F. Supp.2d 384, 400 (S.D.N.Y. 2007) (quoting Fed. R. Civ. P. 11(b)(3)).  Thus, it was reasonable for Plaintiffs' counsel to wait until they had independent reason to believe that the allegation was true before relying on it to amend the Complaint.

Moreover, the prejudice to Defendants of extending the deadline here is very limited, because they knew about Mr. Darbi's existence for some time and have presumably already conducted discovery on his role in both W&D and the facts relevant to this lawsuit.  Good cause may be found where "[t]he movant learns of the facts supporting amendment after the expiration

---

the subject matter of this lawsuit.  However, the timing for amending the complaint to add those claims is still governed by the case's Scheduling Order.  *See Netherlands Ins. Co. v. MD Plumbing & Heating, LLC,* No. 3:09cv1881 (MRK), 2011 WL 832555, at *1 (D. Conn. Mar. 3, 2011) (holding that adding claims against a third-party defendant under Rule 14(a)(3) was governed by the Scheduling Order's deadline for amending the complaint and rejecting the request to do so because plaintiff failed to show good cause for its delay).  Thus, Plaintiffs must establish that they meet the good cause standard to add claims against Mr. Darbi.

of the relevant filing deadline (*e.g.,* during discovery.).” *Cohan,* 2012 WL 4758142, at *1 (citations omitted).  Because that is what has occurred here, the Court finds that good cause exists to consider adding Mr. Darbi to this action.

With respect to Messrs. Ho and Kum, Defendants argue that adding them at this stage would result in a "significant delay of the trial."  Opp. Br. 1, ECF No. 39.  To the extent that this can be construed as an argument that Defendants will be prejudiced by a change in the Scheduling Order, the Court disagrees that any delay that results will be significant.  Defendants provide no explanation at all as to why the delay will be significant.  They do not suggest that Plaintiffs were aware of the existence of these two proposed Defendants before the May 31, 2014 deadline to amend the Complaint and add parties had expired such that they could have met the deadline.  *See Perfect Pearl Co.*, 889 F. Supp. 2d at 457.  Accordingly, the Court finds that good cause exists to consider adding Terrence Kum and Tom Ho.

### B.  Adding the Parties

Plaintiffs' motion to add Messrs. Ho and Kum is governed by Rules 20 and 21, regarding the addition of parties to an action, as well as Rule 15 and the standards governing amendment of pleadings articulated by *Foman v. Davis,* 371 U.S. 178 (1962).  *See United States v. Hansel,* 999 F. Supp. 694, 697 (N.D.N.Y. 1998) (noting that Rule 15 generally governs the amendment of complaints but that in the case of proposed amendments where new defendants are to be added, Rule 21 governs) (citations omitted); *Lego A/S v. Best-Lock Constr. Toys, Inc.,* 886 F. Supp.2d 65, 71-72 (D. Conn. 2012) (applying the *Foman* standard to a motion to amend the complaint to add a new defendant); *see also* Fed. R. Civ. P. 15, 20, 21.  Because Mr. Darbi is already a party to this action, Plaintiffs' request to amend their Complaint to add allegations against him is governed by Rule 15.  Fed. R. Civ. P. 15.  It is also governed by Rule 14, which addresses third-

party practice. Fed. R. Civ. P. 14. Because the analysis is slightly different, the Court will discuss Mr. Darbi separately from Messrs. Ho and Kum.

### 1. Tom Ho and Terrence Kum

Rule 15(a) provides that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). *Foman* indicated that, as Rule 15 requires, motions to amend should be granted "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." 371 U.S. at 182; *see also Burch v. Pioneer Credit Recovery, Inc.,* 551 F.3d 122, 126 (2d Cir. 2008) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.") (citation omitted). Providing leave to amend a complaint is within the discretion of the district court. *Foman,* 371 U.S. at 182; *Lego A/S,* 886 F. Supp.2d at 71 (noting that Rules 15(a), 20(a) and 21 "all leave the decision whether to permit or deny amendment to the district court's discretion") (quoting *Oneida Indian Nation of N.Y. State v. Cnty. Of Oneida,* 199 F.R.D. 61, 72 (N.D.N.Y. 2000)).

Rule 21 provides that a party may be added "at any stage of the action and on such terms as are just." Fed. R. Civ. P. 21. "Since Rule 21 does not provide any standards by which district courts can determine if parties are misjoined, courts have looked to Rule 20 for guidance." *Acevedo v. Allsup's Convenience Stores, Inc.,* 600 F.3d 516, 521 (5th Cir. 2010) (citation omitted). Rule 20 provides for "permissive joinder" of parties and indicates that defendants may be joined if "any right to relief is asserted against them jointly, severally, or in the alternative

with respect to or arising out of the same transaction [or] occurrence [ ]; and [ ] any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). This provision is "very broad and subject to the court's discretion to prevent delay or prejudice." *Landmark Dev. Grp. v. JEG Hldgs., Inc.,* 185 F.R.D. 126, 128 (D. Conn. 1999) (citation omitted).

The proposed Amended Complaint indicates that Messrs. Ho and Kum were involved as "owners and managers" of the restaurant at which Plaintiffs worked. Am. Compl. ¶¶24, 26, ECF No. 38-1. This contention indicates that they satisfy Rule 20, because they are alleged to have participated in the same events that give rise to the lawsuit against the current Defendants. Moreover, as discussed above, Defendants do not show that Plaintiffs unduly delayed in seeking to add these parties or provide any other reason for the Court to deny the motion to add Messrs. Ho and Kum as parties. Accordingly, the Court finds that Plaintiffs may amend their Complaint to add allegations against Messrs. Ho and Kum.

### 2. Herry Darbi

Plaintiffs' motion to add claims against Mr. Darbi is governed by Rules 14 and 15. *See Netherlands Ins. Co. v. MD Plumbing & Heating, LLC,* No. 3:09cv1881 (MRK), 2011 WL 832555, at *1 (D. Conn. Mar. 3, 2011) (applying Rules 14 and 15 to assess a plaintiff's motion seeking to add allegations to a complaint against a third-party defendant). Rule 14(a)(3) provides that "[t]he plaintiff may assert against the third-party defendant any claim arising out of the transaction or occurrence that is the subject matter of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a)(3). Plaintiffs allege that Mr. Darbi acted collectively with the Defendants they named in the initial Complaint to perpetrate the same alleged wrongs.

Accordingly, the requirements of Rule 14 are satisfied, because Mr. Darbi was allegedly involved in the same series of events that underlie the lawsuit against the current Defendants.

Moreover, Defendants have failed to provide a satisfactory reason to deny the motion. Defendants argue that allowing Plaintiffs to add claims against Mr. Darbi "likely will require the disqualification of the plaintiffs' current attorney, because [ ] Mr. Darbi is very happily married to his client, the Plaintiff Hua Lin." Opp. Br. 2, ECF No. 18.  This statement, however, does not explain how allowing Plaintiffs to add claims against the Plaintiff Hua Lin's husband has anything to do with the Plaintiffs' current attorney.  Moreover, they do not cite any case law in support of their position.  Their concerns of "significant delay" fail for the same reasons discussed above with respect to the other proposed new Defendants.

### III. CONCLUSION

For all of the foregoing reasons, Plaintiffs' Motion to Amend the Complaint, ECF No. 38, is hereby **GRANTED**.  Plaintiffs must serve and file the Amended Complaint within **thirty (30) days** of the date of this Order.

**SO ORDERED** this 28th day of September 2015, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge