UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

HUA LIN, HENG CHEN, FEI HU, WEI LIN, : 
ZHEN ZU, and JIU TAO WANG : 
 : 
v. : CIVIL ACTION NO.
 : 3:14-cv-00164 (VAB)
W & D ASSOCIATES LLC doing business : 
as KUDETA, CHRISTINA TAN, DOUG : 
MCSHANE, ALBERT WONG, ELAINE PI : 
YUN CHAO, EMILY PI SHIA CHAO, : 
HERRY DARBI, TERRENCE KUM, : 
and TOM HO, : 
    Defendants. : 

**ORDER**

As this case is brought under the Fair Labor Standards Act ("FLSA"), any settlement requires the approval of the Court or the United States Department of Labor to be effective. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016) ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect."). Plaintiffs Hua Lin, et. al. filed a notice of settlement that required further submissions before any settlement could receive the Court's approval. *See* Notice, ECF No. 81. Consistent with the Order issued by the Court, Order, ECF No. 82, the parties submitted a draft settlement agreement and a proposed Stipulation and Dismissal for court approval. ECF No. 83.

As discussed with the parties on today's telephonic status conference, the filings appear to be a reasonable resolution of a bona fide dispute and are preliminarily approved by the Court with certain caveats. First, the non-appearing parties, Albert Wong (now reported deceased), Terrence Kum, and Tom Ho will not be signatories to the proposed settlement agreement and therefore, to the extent the Court retains jurisdiction over the case following its dismissal, the

Court would have no authority to enforce the settlement agreement against these parties. *Role v. Eureka Lodge No. 434, I.A. of M & A.W. AFL-CIO*, 402 F.3d 314, 318 (2d Cir. 2005) (settlement agreement and stipulation only enforceable when parties have signed it, or after a "voluntary, clear, explicit, and unqualified stipulation of dismissal entered into by the parties in court and on the record."). Second, the proposed Stipulation and Dismissal does not address the third-party claims in this case and, to the extent that the Stipulation and Dismissal is intended to dismiss this case in its entirety, these claims should be addressed in the final Stipulation and Dismissal submitted and executed by the parties.

The parties are further instructed to file signed copies of both the settlement agreement and the Stipulation and Dismissal by **February 9, 2017 at 5:00 PM** for the Court's final approval.

Because the parties have indicated that this matter is settled and have submitted documentation sufficient to warrant this Court's eventual approval, provided the third-party claim issue raised in this Order is addressed, the Court will release the jury chosen to hear this case. If, however, the parties do not resolve this matter by the submission of the signed settlement agreement and Stipulation and Dismissal by the time required, the Court will sanction the parties for the costs associated with this jury selection. *See* 4 Bus. & Com. Litig. Fed. Cts. § 36:14 (4th ed.) ("[A] court may have the discretion to tax the costs associated with a jury panel on the parties who settle a case but fail to notify the court of the settlement prior to the summoning of a jury panel."); *Sally Beauty Co. v. Beautyco, Inc.*, 372 F.3d 1186, 1190 (10th Cir. 2004) ("We reject counsel's invitation to graft a bad-faith requirement onto our existing precedent; rather, we reiterate that in the instant matter, because attorney conduct resulted in unnecessary jury costs, it was within the district court's discretion to assign costs."); *White v.*

*Raymark Indus., Inc*., 783 F.2d 1175, 1177 (4th Cir. 1986) (upholding as component of district court's "the inherent power to tax counsel fees," a local rule allowing court to assess jury costs when parties settled at eve of trial) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258–59 (1975)).

**SO ORDERED at Bridgeport, Connecticut this 7th day of February, 2017.**

                         **/s/ Victor Bolden**

                         **VICTOR A. BOLDEN**
                         **UNITED STATES DISTRICT JUDGE**